UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MAXIE,

    Plaintiff,

    v.

PROSPER APARTMENTS, et al.,

    Defendants.

Case No. 3:26-CV-76-CCB-SJF
3:25-AP-3019-PES

## <u>OPINION AND ORDER</u>

This case arises from Plaintiff Michael Maxie's adversary proceeding against

Defendants Prosper Apartments, Kyle Kiddell, and Karl Nichols, alleging that

Defendants violated Section 525(a) of the Bankruptcy Code, which prohibits a

"governmental unit" from discriminating against a debtor "solely" because the debtor

filed a bankruptcy petition. 11 U.S.C. § 525(a). (ECF 1). Defendants moved for summary

judgment in the bankruptcy court. (ECF 2-1 at 2). Plaintiff did not consent to the

Bankruptcy Court entering a final judgment in the adversary proceeding and moved

this Court to withdraw its reference of this case to the Bankruptcy Court. (ECF 2-1 at 4;

2). The Bankruptcy Court has recommended that this Court grant Defendants' motion

for summary judgment, because (1) no defendants are a "governmental unit" under

Section 525(a) and (2) Defendants evicted Plaintiff for post-bankruptcy payment

failures, and thus did not evict him "solely" on account of his bankruptcy. (ECF 2-1).

The Court agrees with the findings and reasoning in the Bankruptcy Court's

recommendation and **ADOPTS** it in full. (ECF 2-1). Defendants' motion for summary

judgment on Plaintiff's adversary proceeding is **GRANTED**.[1] (Docket Entry 7, *In Re Maxie*, 3:25-ap-3019-PES (Bankr. N.D. Ind. July 25, 2025)). Plaintiff's motion to Withdraw Reference is **DENIED** as **MOOT**. (ECF 1). The Clerk is **DIRECTED** to forward a copy of this order to the Bankruptcy Court.

SO ORDERED on June 17, 2026.

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[1] It is likely that the Bankruptcy Court had the final authority to resolve Plaintiff's action without this Court's order, as an action under Section 525(a) of the Bankruptcy Code Title 11 would be a "core" public rights matter which Bankruptcy Courts may issue final binding rulings on without party consent. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 564 U.S. 462, 471 (2011); *see also Schuessler v. United States Small Bus. Admin.*, No. AP 20-02065-BHL, 2020 WL 2621186, at *2 (Bankr. E.D. Wis. May 22, 2020). However, that issue was not raised by the parties or the Bankruptcy Court.